UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ROBERT LEE,

        Plaintiff,

   v.

RELIANCE STANDARD LIFE
INSURANCE COMPANY,

        Defendant.
                             /

NO. CIV. S-06-1207 LKK/KJM

O R D E R

    This matter is before the court on the petition of defendant Reliance Standard Life Insurance Company ("defendant") for removal predicated upon the court's diversity jurisdiction. See 28 U.S.C. § 1332. This court has an independent duty to ascertain its jurisdiction and may remand sua sponte for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c). Having invoked the removal statute, defendant bears the burden of establishing this court's jurisdiction. See Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988). As explained below, defendant has failed to meet

1 this burden.

2  Diversity jurisdiction requires complete diversity of
3 citizenship among the parties, as well as a minimum amount in
4 controversy of over $75,000.  See id.  While it appears that
5 diversity of citizenship is satisfied, defendant has not met its
6 burden of demonstrating that the amount in controversy exceeds
7 $75,000.

8  Plaintiff, Robert Lee, filed a complaint on April 19, 2006 in
9 Shasta County Superior Court alleging two causes of action relating
10 to his coverage under a disability policy issued by defendant.
11 Nowhere in the complaint does plaintiff assign a value to the
12 relief he seeks.  "Where it is not facially evident from the
13 complaint that more than $75,000 is in controversy, the removing
14 party must prove, by a preponderance of the evidence, that the
15 amount in controversy meets the jurisdictional threshold."
16 Matheson v. Progressive Specialty Insurance Co., 319 F.3d 1089,
17 1090 (9th Cir. 2003); see Sanchez v. Monumental Life Insurance Co.,
18 95 F.3d 856, 860 (9th Cir. 1996).

19  Defendant asserts that the amount in controversy exceeds
20 $75,000 because "plaintiff seeks contract damages under the subject
21 disability policy to age 65, damages for bodily injury, anxiety,
22 worry, mental and emotional distress, as well as attorneys fees,
23 litigation costs, prejudgment interest, and punitive damages."
24 Not. of Removal at 2:13-17.  Defendant has failed to prove, by a
25 preponderance of the evidence, that the amount in controversy meets
26 the jurisdictional threshold.

2

1   First, defendant fails to discuss the specific amount of
2  damages that plaintiff may claim.  "[S]peculative argument
3  regarding the potential value of the award is insufficient" to
4  establish the amount in controversy.  <u>Conrad Associates v. Hartford</u>
5  <u>Accident & Indemnity Co.</u>, 994 F.Supp. 1196, 1198 (N.D. Cal. 1998)
6  (citing <u>Gaus v. Miles</u>, 980 F.2d 564, 567 (9th Cir. 1992)).  Second,
7  defendant has failed to provide adequate analysis as to why this
8  court should consider these specific damages in calculating the
9  amount in controversy.  In short, the court has no way of assessing
10 whether or not these damages will in fact, exceed $75,000.00.
11     "Because the 'removal statutes are strictly construed against
12 removal,' <u>Libhardt v. Santa Monica Dairy Co.</u>, 592 F.2d 1062, 1064
13 (9th Cir. 1979), generally speaking doubts about removal must be
14 resolved in favor of remand." <u>Dodd v. John Hancock Life Ins. Co.</u>,
15 688 F. Supp. 564, 566 (E.D. Cal. 1988); <u>see</u> <u>Matheson</u>, 319 F.3d at
16 1090.  Since defendant has not adequately established the amount
17 in controversy in the case at bar, the court lacks subject matter
18 jurisdiction and must remand the case.  <u>See</u> 28 U.S.C. § 1447(c).
19     For the foregoing reasons, the above-captioned case is
20 REMANDED to the Superior Court of the State of California in and
21 for the County of Shasta County.
22     IT IS SO ORDERED.
23     DATED:  June 20, 2006
24                                    LAWRENCE K. KARLTON
                                       SENIOR JUDGE
25                                     UNITED STATES DISTRICT COURT
26